1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   MARCO VILLAPUDA VILLA,                    No. C 12-1176 SI (pr)

9              Petitioner,                    **ORDER TO SHOW CAUSE**

10          v.

11  ROBERT H. TRIMBLE, Warden,

12             Respondent.
                                          /
13

14

15                        **INTRODUCTION**

16          Marco Villapuda Villa, an inmate at the Pleasant Valley State Prison, filed this *pro se*

17  action for  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the

18  court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254

19  Cases.

20

21                         **BACKGROUND**

22          The petition and attachments thereto provide the following information: Villa was

23  convicted in Monterey County Superior Court of torture, residential burglary with personal

24  infliction of great bodily injury, felony assault with personal infliction of great bodily injury, and

25  two counts of dissuading a witness.  On June 26, 2009, he was sentenced to 13 years to life in

26  state prison.  Villa appealed.   His conviction was affirmed by the California Court of Appeal

27  in 2010 and his petition for review was denied by the California Supreme Court in 2011.  He

28  then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the torture conviction violated Villa's right to due process because there was insufficient evidence to prove a specific intent to inflict extreme and prolonged pain; (2) the finding of personal infliction of great bodily injury by Villa violated his right to due process because there was insufficient evidence to prove that Villa's actions resulted in the injury; and (3) the court violated Villa's right to due process "when it failed to instruct the jury the prosecutor had to prove beyond a reasonable doubt it was impossible to determine who caused injury."  Petition, p. 6.  Liberally construed, the claims appear to be cognizable in a federal habeas action.

**CONCLUSION**

For the foregoing reasons,

1.    The petition states cognizable claims for habeas relief and warrants a response.

2.    The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.    Respondent must file and serve upon petitioner, on or before **August 10, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 21, 2012**.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6.      Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: June 5, 2012

_____
SUSAN ILLSTON
United States District Judge

3